## *In re* LAWLER.

*(Circuit Court N. D. Georgia.    October 28, 1889.)*

1. ARMY AND NAVY—ENLISTMENT.

A petition for discharge on *habeas corpus* of one arrested as a deserter from the army alleged that petitioner was under 16 years when enlisted; that he enlisted through the fraudulent representations of one J., the recruiting officer; that his father's written consent was obtained by means of such representations; and admitted the desertion while still a minor. The return denied the fraud, and presented the written consent of petitioner's father to his enlistment, and petitioner's sworn statement that he was 20 years and 6 months old at enlistment, and alleged that J. was a private, and not the recruiting officer, who was one P. *Held* that, as the return was neither demurred to nor denied, it must be taken as conclusive as to all the facts therein set forth.

2. SAME—EVIDENCE.

Evidence of petitioner's relations, that he was under 16 years when he enlisted, is not sufficient to establish that fact against the sworn statement of the petitioner and the record in the family Bible, showing that the birth of petitioner, as recorded, had been changed from 1870 to 1871, and the record of the birth of a younger sister in 1871 entirely erased.

Appeal from District Court.    *Habeas corpus.*

*Blalock & Birney*, for relator.

*S. A. Darnell*, for respondent.

PARDEE, J.    A. C. Lawler filed a petition in the district court of this district, setting forth that he is a citizen of the United States and of the state of Georgia; that he is forcibly and illegally detained and deprived of his liberty in the United States barracks, at the military post in the city of Atlanta, by one Henry H. Clawson, in command of said post, by virtue of a pretended claim of authority of said Clawson, as agent of the United States, to hold petitioner upon the charge of being a deserter from the army of the United States.    The petitioner further alleges that some time in the month of October, 1886, he enlisted as a private in the United States army, at the recruiting station in Atlanta; that at the time of said enlistment he was a minor under the age of 21 years, to-wit, of the age of 15 years and 6 months, and that therefore said enlistment was without authority of law, and contrary to law and void; that he was induced by fraudulent representations to enlist as above stated; that there was a written consent to said enlistment by petitioner's father, but that said written consent was obtained by fraudulent representations made by one Hayes Jemmison, recruiting officer, and agent of the United States, to petitioner's father; that said fraudulent representations, both to petitioner and his father, were to the effect that petitioner would be sent regularly to school, and would have other advantages in the army which he could not otherwise obtain; that all said representations proved to be false, and were known to said Jemmison to be false when he made them; that afterwards, on the ——— day of April, 1887, and while still a minor, petitioner left the said army, and has not since returned, and that on the 27th day of September, 1889, petitioner was arrested in the city of Atlanta, and is now held illegally and against his will.    Petitioner prayed for a writ of *habeas corpus*, which was issued and served, and

thereupon the commanding officer, Gen. Jackson, made return substantially as follows: That the said Lawler was arrested as a deserter from the United States army, and is now held as such awaiting trial, which will be had as soon as a court-martial can be convened and organized for that purpose; that respondent denies all the allegations of petitioner as to his age, and states that in his belief he is of lawful age, and regularly enlisted; that no fraud was practiced to obtain his father's or petitioner's consent to the enlistment; that recruits in the army have the privilege of six months' schooling while in the army, and petitioner could have enjoyed this advantage if it did not conflict with his other duties as a soldier; that it is now compulsory for recruits to attend school where not in conflict with other duties; that he does not know what other advantages petitioner alludes to in his petition; and that recruits in the army do possess other advantages not enjoyed by others not in the service.   Respondent tenders to the court the original descriptive list or enlistment papers upon which petitioner entered the United States army.   Said papers show that at Hiram, Paulding county, Ga., on October 5, 1886, J. P. Lawler, as the father of Albert C. Lawler, gave his consent in writing for A. C. Lawler to join the United States army, Battery B, second artillery; that Albert C. Lawler filed a sworn statement on the 6th of October, 1886, stating that he was born in Randolph county, Ala.; that he was 20 years and 6 months old, and a farmer; that he voluntarily enlisted October 6, 1886, as a soldier in the army of the United States for five years, unless sooner discharged by the proper authority; that he agreed to accept such bounty, pay, rations, or clothing as established by law; that said Lawler also took the oath of allegiance, and swore to obey the orders of the president, his other superiors, and the rules and articles of war, all of which was signed and sworn to by said A. C. Lawler before Charles F. Parker, second lieutenant, second artillery, recruiting officer.   Said papers also show the certificate of the surgeon that the applicant was free from bodily defect or mental infirmity, and the official statement of Charles F. Parker, second lieutenant, second artillery, recruiting officer, to the effect that he minutely inspected said A. C. Lawler previous to his enlistment; that he was sober when enlisted; that to the best of his judgment and belief he was of lawful age; and that he observed the other rules and requirements in regard to enlisting soldiers.   Said return further shows that the said Hayes Jemmison, mentioned in the petition, was at the time of the enlistment of Lawler a private in the army of the United States, and that the recruiting officer was Charles F. Parker, second lieutenant, second artillery.   This return was neither demurred to nor denied.   Upon the case, as made by the petition and return, the case went to trial in the district court.   On the trial, as it appears by the brief of evidence and bill of exceptions, the petitioner, by his counsel, asked leave to amend his petition by withdrawing from it the allegation that there was a written consent of the petitioner's father to his enlistment in the army, which proposed amendment was refused.   The district court, after hearing the evidence, gave judgment discharging the writ, and remanding the petitioner to the custody of the respondent.

Thereupon petitioner applied for and was allowed an appeal to this court.

In the order allowing the appeal, no provision was made for the custody of the petitioner pending the appeal. The case has been argued at some length before the circuit court, mostly in regard to the rules of evidence in proving the contents of written papers, and upon the refusal of the district court to allow the amendment withdrawing the allegation of written consent by petitioner's father to his enlistment. It does not seem necessary to pass upon these questions. As the return of Gen. Jackson, the custodian of the petitioner, was neither demurred to nor denied, nor in any wise put at issue, it is to be taken as conclusive on the facts therein set forth. In this view of the case, no issue is left except the single one as to whether or not the petitioner was under the age of 16 years when he enlisted. If he was over the age of 16 years at that time, his enlistment, according to the return, was regular and valid; if he was under 16 years of age, the enlistment was void, whether the father consented in writing or not. On the question of the age of the petitioner at the time he enlisted I have carefully considered all the evidence, and it fails to satisfy me that the petitioner was under 16 years of age when he enlisted; but, on the contrary, satisfies me that he was over that age. On the side of the petitioner is the evidence of his father, mother, and himself, and his brother, no one of whom testifies with certainty, and as having good and sufficient reasons for certainty. On the other side is the sworn declaration of petitioner when he enlisted, the written consent of the father, the certificate of the recruiting officer, and what family record was presented on the hearing of the case in what purports to be the family Bible. The record in this Bible shows that the birth of the petitioner was originally entered April 20, 1870; that at some time since the original entry the record has been tampered with, an attempt made to erase the "0" in 1870, and insert the figure "1;" and that the birth of a younger sister, occurring some time in 1871 or 1872, has been entirely erased, in order, apparently, that the record might not show too many children born between 1871 and 1873. The conclusion left upon my mind is that the claim that the petitioner was under the age of 16 years when he enlisted was invented subsequent to the arrest for desertion, and that the petitioner's evidence has been somewhat made up to meet the necessities of the case. The judgment of the district court in the case will be affirmed.